| iCARAWAY, Judge,
dissenting in part.
I respectfully dissent from that portion of the judgment which awards the plaintiff a retroactive pay adjustment from January 1, 1989 to March 26,1981.
There is no provision in the Municipal Fire and Police Civil Service Law, La. R.S. 33:2471, et seq. (hereinafter the “Police Civil Service Law”) that addresses the determination of salary. A police civil service board, *799 such as the defendant board of the City of Shreveport, has no jurisdiction to adopt or implement a pay plan. See, Op. of Atty. Gen., No. 92-290A, June 9, 1992. Therefore, this declaratory judgment action may result only in a judgment declaring that plaintiffs employment falls under the Police Civil Service Law so that the defendant board must afford him protection against political discrimination in his promotion and dismissal based upon promotion testing and his unique seniority, which, I agree with the majority, should be computed from March 26, 1981. See, La. R.S. 33:2473(16) and (20); 2491; 2491; and 2493.
The marine patrolman’s classification in the police civil service system for the City of Shreveport will now be within the purview of the board, which, prior to the judgment in this case, had never considered the marine patrol officers to be within the system. Under the law, “ ‘class of position’ means a definitely recognized kind of employment in the classified service, designated to embrace positions that are nearly alike in the essential character of their duties, responsibilities, and consequent qualification requirements, that they can fairly and equitably be treated alike under like conditions for all personnel purposes.” La. R.S. 33:2473(5). The determination of the class of position which the lake patrolmen occupy, whether a new class or existing class, is the function of the. Board which must now perform its duty in accordance with La. R.S. 33:2483 and 2484. After that determination, issues as to Owen’s salary or other employment 12related benefits for the time from March 26, Í981 and January 1, 1989 may arise.
Even more significant regarding the majority’s adjudication of a “retroactive pay” adjustment to 1981 is the total lack of evidence in the record allowing for the computation of such salary adjustment. What was the amount of salary for which the plaintiff contracted with the City of Shreveport in 1981? What was the amount of the salary of other officers, the police chief or even the department records clerk, who were also under the police civil service system in different classifications? The marine patrol’s unique police employment position between the years 1981 and 1989, when the training requirements and duties of other police officers were not required of the plaintiff, may have justified any salary differences for those years, which, on this record, can only be speculated. The “retroactive pay” judgment which the majority would now award thus violates the longstanding rule that a money judgment must be definite and certain and not an entitlement to a further unexplained monetary computation, unaddressed in the evidence before the court.
I therefore concur in part with the majority’s ruling that March 26, 1981 is the appropriate date for the determination of the plaintiff’s seniority. Seniority is the primary subject matter and objective of the Police Civil Service System, not salary. I dissent from the portion of the judgment awarding “retroactive pay” to the plaintiff to March 26, 1981.